IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE L. MOSBY,

                Plaintiff,

  v.

GREEN CO. (WI) (A.D.A.)                                 OPINION and ORDER
LAURA KOHL, GREEN CO. (WI)
DISTRICT ATTORNEY OFFICE,                        22-cv-202-wmc[1]
GREEN CO. (WI) JAIL
ADMINISTRATION PERSONNEL,
and GREEN CO. (WI) SHERIFF OFFICE,

                Defendants.

---

      Pro se plaintiff Willie L. Mosby alleges that defendants violated his constitutional rights in handling his requests for sentence credit. The court granted Mosby leave to proceed in forma pauperis and he has paid the initial partial filing fee. Because Mosby is incarcerated and proceeds in forma pauperis, I must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I will dismiss Mosby's complaint.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

I draw the following allegations from Mosby's complaint, Dkt. 1, and the Wisconsin court system's online records. Mosby is currently incarcerated in Craighead County Jail in Jonesboro, Arkansas, but his allegations concern a prior incarceration at Green County Jail in Wisconsin. In February 2019, Mosby was given a 120-day jail sentence with work-release privileges in each of three Green County criminal cases, to be served concurrently. Mosby requested sentence credit for time served, but the presiding judge denied Mosby the full amount of credit he wanted after Assistant District Attorney Laura Kohl objected. Mosby began serving his jail sentence and he renewed his sentence credit request with the presiding judge, Kohl, the District Attorney's Office, and jail administration personnel without success. Mosby did not otherwise challenge the sentence credit determination and seeks damages for serving the full sentence imposed.

ANALYSIS

Mosby indicates that he is suing defendants under federal law and contends that defendants failed to correct the problem after the circuit court denied him the full amount of sentence credit he believed he was due. Detaining a prisoner beyond the termination of his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015). However, there are two problems with Mosby's complaint.

First, he has not named a proper defendant. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law. The District Attorney's Office "is merely a division of the state of Wisconsin, and a state is not a 'person' that can be

2

sued under § 1983." *Omegbu v. Milwaukee Cnty.*, 326 F. App'x 940, 942 (7th Cir. 2009) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 (7th Cir. 2007)). Similarly, the Sheriff's Office "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). There are some circumstances in which municipalities or local governments can be considered "persons" and sued under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But even if I construed Mosby's complaint to assert a claim against Green County itself, the county can be liable under *Monell* only if the harm Mosby suffered was the result of a county policy or custom, which the allegations do not suggest. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc) ("The central question is always whether an official policy, however expressed . . . caused the constitutional deprivation").

Mosby cannot proceed against defendants Kohl and Green County Jail administration personnel either. Mosby's sole allegation against Kohl is that she objected to the amount of sentence credit he requested at his sentencing. However, a prosecutor enjoys absolute immunity from civil suit under § 1983 for damages "in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). Kohl cannot be sued for opposing Mosby's sentence credit request in her capacity as prosecutor.

As for the jail administrative personnel, Mosby cannot hold any of them liable for failing to disregard his court order of sentence credit. Moreover, to demonstrate liability under § 1983,

a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Here, Mosby makes "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct." *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). The individual jail staff members Mosby means to sue are not identified, and thus have no notice of Mosby's specific allegations against each of them. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer.").

Second, even if Mosby had identified a suable defendant, his request for monetary damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486–87. This rule applies regardless of a plaintiff's release from custody and the unavailability of habeas relief. *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020) ("*Heck* controls the outcome where a section 1983 claim implies the invalidity of the conviction or the sentence, regardless of the availability of habeas relief.").

Mosby's claims challenge the validity of the circuit court's award of sentence credit in his Green County criminal cases. However, Mosby does not allege, and public court records do not suggest, that he has successfully obtained related post-conviction relief through a state court proceeding or under § 2254. I will therefore dismiss this lawsuit. While typically claims barred by *Heck* are dismissed without prejudice, the dismissal will be with prejudice because the only named defendants are not subject to suit in these circumstances.

ORDER

IT IS ORDERED that:

1. Plaintiff Willie L. Mosby is DENIED leave to proceed, and his complaint is DISMISSED with prejudice.

2. The clerk of court is directed to close this case.

Entered August, 11, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge